PICKETT, Judge.
Kermit A. Williams and John D. Koontz, the owners of certain property in the Parish of East Baton Rouge, located near the town of Baker, Louisiana, instituted this suit against the Parish of East Baton Rouge, claiming property damage allegedly due to the operations of defendant on and before September 26, 1968, in connection with the cleaning out and widening of White’s Bayou which runs along the property line of plaintiffs’ property. The plaintiffs also sued out a rule against the defendant to show cause why a preliminary injunction should not issue to prohibit the defendant from proceeding with the operations on plaintiffs’ property The defendant filed peremptory exceptions and an answer to the rule for injunctive relief. The defendant as third party plaintiff made the City of Baker a third party defendant, seeking to have the third party defendant made responsible for any judgment that might be rendered against the defendant. The district court overruled the peremptory exceptions, and after trial of the rule for injunctive relief made the rule nisi absolute and enjoined the defendant, the Parish of East Baton Rouge, from carrying on further operations on plaintiffs’ property. Thereafter, the plaintiffs further amended their petition by itemizing the damages alleged to have been sustained by them. The third party defendant filed an answer of general denial to the main demand and to the third party demand. Following a trial on the merits, judgment was rendered allowing damages in favor of the plaintiff in the amount of $27,580.00 with legal interest therein from October 1, 1968, until paid and all cost of the proceedings, including $50.00 as expert witness fee for John Le-Jeune, an appraiser, against the Parish of East Baton Rouge. The third party petition against the City of Baker was dismissed and all costs assessed against the third party plaintiff, the Parish of East Baton Rouge. The Parish of East Baton Rouge has appealed suspensively.
Article 1, Section 2 of the Louisiana Constitution provides:
“No person shall be deprived of life, liberty or property except by due process of law. Except as otherwise provided in this Constitution, private property shall not he taken or damaged except for public purposes and after just and adequate compensation is paid.” (Emphasis supplied.)
The undisputed evidence shows that the agents and employees of the Parish of East Baton Rouge, acting in the course and scope of their employment, went on the property of the plaintiffs and by means of a bulldozer cleared a right of way from 50 to 150 feet wide on the north side of White’s Bayou for a dragline, which was equipped with a fifty-foot boom to be used in cleaning out White’s Bayou. By means of the heavy equipment used on this project, muck, brush, logs and other debris was lifted from the channel of White’s Bayou and piled up on the plaintiffs’ property. Dirt was removed from the banks of White’s Bayou in a manner to slope the banks. The dirt so removed was piled up on plaintiffs’ property. The plaintiffs not only lost an undeter *31 mined number of large trees, but the spoil, logs and other debris was piled up along the north side of White’s Bayou the entire length of the right of way that had been cleared.
We must conclude from the undisputed evidence that the plaintiffs’ property has been damaged because of the operations carried on by defendant, the Parish of East Baton Rouge. Under the plain provisions of the above quoted constitutional article and LSA-C.C. Article 2315, the plaintiffs are entitled to “just and adequate compensation”, unless the plaintiffs authorized the invasion of their property. The defendant contends that it was assured by representatives of the City of Baker that plaintiff, Kermit A. Williams, had given his consent to go on his property for the purpose of carrying on the drainage operations. The only evidence produced by either the defendant, or the third party defendant, to justify the invasions of plaintiffs’ property, is a letter from Kermit A. Williams to E. V. Prescott of Baker, Louisiana, dated September 21, 1967, in which the only permissive part, is as follows:
“It will be agreeable that you enter and traverse this property by any of the three available outlets; two on Bentley Drive and one on Plank Road in order to clear the debris out of White’s Bayou. It is our understanding that the trash will be hauled away and not dumped on our property. We would also expect that the property not be harmed in any way, particularly by heavy trucks during rainy weather. We, of course, will expect that the property be left in as good a condition after the completion of the job as it was before. We have a tenant in Baker on the property who leases for grazing purposes, Mr. C. C. Welch. Please contact Mr. Welch and clear the project with him so that it can be handled with the least interference to his grazing lease.”
We conclude from an examination of the above mentioned letter that plaintiff Williams did not intend to give permission to carry out operations of the magnitude, size and nature of those engaged in by defendant. Plaintiff Williams stated in his letter that no debris should be left on the property. He explained that the property was accessible by three outlets; and that he expected it to be left in as good condition after the completion of the operations as it was in before the work was undertaken. He said the property must not be harmed in any way. The uncontradicted evidence shows that contrary to the permission given by plaintiff Williams, the defendant left spoil, logs, brush and other debris piled up over an area of from 50 to 150 wide along the north side of White’s Bayou for a distance of more than a mile on plaintiffs’ property. We conclude the Parish of East Baton Rouge exceeded the authority given by plaintiff Williams; and that the plaintiffs are entitled to be paid by the defendant for the damages thus sustained.
On the' matter of quantum, John Lejuene, a fee expert, was the only witness who estimated the extent of plaintiffs’ damages in terms of money. He based his land valuation on four comparable sales in arriving at his estimate of the damages and loss plaintiffs had sustained. He expressed the opinion that a sale of 36.323 acres by James M. O’Brien to the East Baton Rouge School Board, on March 16, 1966, for $72,-646.00, or $2,000.00 per acre, was more like the plaintiffs’ property than the other sales. After making an upward adjustment for the lapse of time from the O’Brien sale and a downward adjustment for the comparative sizes of the two tracts of land, Mr. Lejuene concluded that the fair market value of plaintiffs’ property was $2,000.00 per acre. For reasons explained in his testimony, Mr. Lejuene estimated the damages to plaintiffs’ property to be $1,000.00 per acre for approximately twenty-seven and one half acres. The district judge awarded the plaintiffs judgment in the sum of $27,580.00. We think the law is cor *32 rectly stated in 15 Am.Jur., verbo, damages, Sec. 107, as follows:
“One whose real property is injured by another’s wrongful and negligent act is entitled to such damages as will compensate him for the injury or loss sustained. No hard and fast rule can be laid down, however, for the measurement of those damages; whatever rule is best suited to determine the amount of the loss in the particular case should be adopted.”
In view of the fact that no contradictory evidence was presented giving any different estimate of the damages sustained by the plaintiffs, and the peculiar circumstances presented in the instant suit, and since no hard and fast rule can be laid down for the measurement of damages in a case of this kind, we cannot say the trial judge erred in his assessment of damages.
The evidence does not disclose any contractual relationship between the City of Baker and the Parish of East Baton Rouge, with reference to the latter cleaning out White’s Bayou. In fact it appears that all of the operations in connection with cleaning out White’s Bayou were performed outside the city limits of the City of Baker. Elson B. Prescott, city clerk, manager of the departments, and purchasing agent of the City of Baker, testified that no official action was ever taken with reference to the work on the channel of White’s Bayou. Robert N. Law, Jr., Assistant Director, Department of Public Works, of City-Parish, East Baton Rouge Parish, testified that he had discussions with the officials of the City of Baker, as well as interested citizens of that area concerning drainage of the area adjacent to Groom Road which included White’s Bayou. The officials of the City of Baker were requested to obtain rights of entry along White’s Bayou and Brushy Bayou. Mr. E. B. Prescott contacted the plaintiff, Kermit A. Williams, in an effort to secure an entry right to his property; and he secured the letter above ' referred to. But a careful examination of the rather voluminous record fails to reveal that the City of Baker at any time officially assumed any obligation in connection with obtaining entry rights from property owners along either White’s Bayou or Brushy Bayou. Therefore we affirm the judgment of the district judge rejecting the demands of the third party plaintiff against the City of Baker at the cost of the third party plaintiff.
For the above and foregoing reasons the judgment of the District Court is affirmed.
Affirmed.